FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KORA SMITH,<br>Plaintiff,<br><br>v.<br><br>UNITED ACCOUNTS, INC.,<br><br>Defendant. | No. 2:26-cv-00238-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION TO STAY, AND DISMISSING CASE<br><br>**ECF Nos. 13, 14** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 13, and Plaintiff's Motion to Stay, ECF No. 14. The Court held a hearing on November 12, 2026. ECF No. 25. Robert Mitchell represented Plaintiff. Avanti Bakane and Sally Kim represented Defendant. The Court has heard from counsel, reviewed the motions and record, and is fully informed. For the reasons explained below, the Court grants Defendant's motion and denies Plaintiff's motion.

## BACKGROUND

Plaintiff resides in Medical Lake, Washington. ECF No. 4 at 6 ¶ 4.2. Defendant is a North Dakota collection agency. *Id.* at 7 ¶ 4.13. Defendant is not

registered to conduct business or licensed as a collection agency in Washington. ECF No. 13-1 at 3 ¶ 6.

Plaintiff alleges Dominick Smith used Plaintiff's Social Security number when he entered a residential lease with Valley Rental Service for property in Fargo, North Dakota, on January 7, 2021. ECF No. 4 at 8 ¶¶ 4.26-4.28. Following Dominick Smith's default, Valley Rental Service referred the account to Defendant for collection on December 4, 2024. *Id.* at 9 ¶¶ 4.36-4.37.

Plaintiff alleges that Defendant conducted a skip trace, a deceased debtor search, and a bankruptcy search using her Social Security number. *Id.* at 10 ¶¶ 4.41-4.46. She contends that Defendant knew or should have known that the number belonged to her and that she had no association with Dominick Smith. *Id.* at 11 ¶¶ 4.47-4.48. Defendant allegedly furnished the account information using Plaintiff's Social Security number, resulting in the account's appearance on her Equifax credit report. *Id.* at 11-12 ¶¶ 4.49-4.55. Plaintiff alleges that Defendant reported the account to pressure her to pay Dominick Smith's debt. *Id.* at 13 ¶ 4.68.

Defendant's president, Cole Fosness, states that Defendant furnished the name, North Dakota address, and Social Security number supplied with Dominick Smith's lease as his identifying information. ECF No. 13-1 at 4 ¶ 13. According to Mr. Fosness, when Defendant furnished the account information, it did not know

that the Social Security number belonged to anyone other than Dominick Smith or that the account concerned a Washington resident. *Id.* at 4 ¶ 14. Mr. Fosness further states that Defendant sent no letter, placed no telephone call, and sent no email or other communication to Plaintiff or anyone in Washington concerning the account. *Id.* at 4 ¶ 15.

Plaintiff asserts claims under the Fair Debt Collection Practices Act (FDCPA) and Washington's Consumer Protection Act (CPA), including a claim based on Defendant's alleged failure to obtain a Washington collection agency license. ECF No. 4 at 16-23.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 12(b)(2), a plaintiff opposing a defendant's motion to dismiss for lack of personal jurisdiction bears the burden of establishing that personal jurisdiction is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). When the Court decides a Rule 12(b)(2) motion without an evidentiary hearing, "the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (internal citations omitted). The Court may consider evidence outside the complaint, such as affidavits, declarations, and other submitted materials, on a Rule 12(b)(2) motion. *See*

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the parties' respective affidavits conflict, the Court must resolve all disputed facts in the plaintiff's favor. *Id.*

**DISCUSSION**

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(2), arguing that it lacks sufficient contacts with Washington to support personal jurisdiction. ECF No. 13. Plaintiff contends that Defendant purposefully directed its collection activity at Washington by furnishing a fraudulent collection account containing her Social Security number while knowing that she resided in Washington. ECF No. 16 at 4-7. Plaintiff also argues that Defendant waived its personal jurisdiction defense because its earlier sanctions motion functioned as a Rule 12 motion and omitted that defense. *Id.* at 16-21. Plaintiff separately moves to stay or set aside the dismissal motion and requests an evidentiary hearing or limited discovery concerning Defendant's knowledge and intent. ECF No. 14 at 8-11.

**A. Personal Jurisdiction**

Plaintiff invokes only specific jurisdiction. ECF No. 16 at 8. Washington's long-arm statute extends jurisdiction to the limits permitted by federal due process. RCW 4.28.185; *see Cox v. Gritman Med. Ctr.*, 170 F.4th 724, 734-35 (9th Cir. 2026). When a motion is resolved without an evidentiary hearing, Plaintiff must make a prima facie showing of jurisdiction. *Axiom Foods, Inc. v. Acerchem Int'l,*

*Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Under the effects test on which Plaintiff relies, purposeful direction requires an intentional act, express aiming at the forum, and harm the defendant knows is likely to occur there. *Id.* at 1069.

The required connection must arise from Defendant's own conduct. *Walden v. Fiore*, 571 U.S. 277, 284-86 (2014). Although contacts with a forum resident may establish that connection, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. Knowledge of a plaintiff's residence and foreseeable injury there are insufficient, standing alone, to establish the necessary contacts. *Id.* at 289-90. Accordingly, while individualized targeting remains relevant, it is insufficient by itself to establish specific jurisdiction. *Axiom Foods*, 874 F.3d at 1070.

The account at issue arose from a residential lease in Fargo, North Dakota, and was referred to Defendant by a North Dakota landlord as Dominick Smith's account. ECF No. 13-1 at 4 ¶¶ 11-12. Defendant furnished the name, North Dakota address, and Social Security number associated with that account to consumer reporting agencies. *Id.* at 4 ¶ 13. Defendant did not send a letter, place a telephone call, or send an email or other communication to Plaintiff or anyone in Washington concerning the account. *Id.* at 4 ¶ at 15.

Plaintiff alleges that Defendant used her Social Security number to report the account and thereby attempted to force her to pay Dominick Smith's debt. ECF

No. 4 at 11-13 ¶¶ 4.49-4.54, 4.68. Even assuming that Defendant knew Plaintiff resided in Washington and furnished the disputed information with the alleged collection purpose, Plaintiff still fails to identify additional conduct connecting that effort to *Washington*. Her theory connects the reporting to this forum through her residence and the anticipated effects there. ECF No. 16 at 4-7. Defendant's alleged intent to pressure Plaintiff to pay, coupled with knowledge of her Washington residence, is insufficient by itself to establish specific jurisdiction. *Axiom Foods*, 874 F.3d at 1070 (explaining that individualized targeting "will not, on its own, support the exercise of specific jurisdiction"). Specific jurisdiction requires Defendant's conduct to connect it to Washington, and "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290. Plaintiff identifies no conduct connecting Defendant's reporting to Washington beyond its anticipated effects on her as a resident of Washington.

Plaintiff's reliance on the interstate nature of credit reporting and the FDCPA's remedial purpose also fails to supply the necessary Washington contact. ECF No. 16 at 6-8. Treating those considerations as sufficient would permit jurisdiction based on the residence of the person affected by a credit entry, without requiring a defendant's conduct to meaningfully connect it to that state. The Supreme Court has "never accepted the proposition that state lines are irrelevant for jurisdictional purposes." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

286, 293 (1980).

At the hearing, Plaintiff argued that pleading a Washington CPA claim establishes personal jurisdiction under that statute. Although the CPA contains a long-arm provision, "[a] court's exercise of jurisdiction under RCW 19.86.160 must satisfy both the statute's requirements and due process." *State v. AU Optronics Corp.*, 328 P.3d 919, 925 (Wash. Ct. App. 2014). Plaintiff must therefore establish the requisite contacts between Defendant and Washington. For the reasons discussed above, she has not done so. Plaintiff has accordingly failed to make the required prima facie showing of personal jurisdiction.[1]

---

[1] Plaintiff requests a stay or to set aside the dismissal motion, an evidentiary hearing, or limited discovery concerning Defendant's knowledge and intent. ECF No. 14 at 8-11. Assuming the knowledge and collection purpose Plaintiff seeks to establish, further development of those matters would not supply the missing forum contacts. Jurisdictional discovery may be denied when it would not establish facts sufficient to support jurisdiction. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). No hearing is necessary to resolve facts assumed in Plaintiff's favor, and those disputes provide no basis to stay or set aside the dismissal motion. The Court thus denies Plaintiff's motion.

**B. Waiver**

Plaintiff alternatively argues that Defendant waived its personal jurisdiction defense by omitting it from its earlier motion for sanctions. ECF No. 16 at 16-21. Rule 12 generally requires a defendant to raise that defense in its first Rule 12 motion or responsive pleading. Fed. R. Civ. P. 12(g)(2), (h)(1). A motion's caption is not dispositive because "[t]he rule applies with equal effect no matter what is the title of the pleading." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Defendant's earlier motion sought Rule 11 sanctions and an award of attorney fees and costs. ECF No. 7 at 10. Its references to dismissal described requests that Plaintiff voluntarily dismiss her claims. *Id.* at 3-4. Although the motion challenged the complaint's factual and legal support, "the imposition of a Rule 11 sanction is not a judgment on the merits of an action." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). The motion sought a collateral sanctions determination rather than adjudication of a Rule 12 defense. Defendant raised personal jurisdiction in its Rule 12 motion and accordingly preserved the defense.

**CONCLUSION**

For the reasons discussed above, the Court grants Defendant's motion, denies Plaintiff's motion, and dismisses this action without prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, **ECF No. 13**, is **GRANTED**.
2. Plaintiff's Motion to Stay, **ECF No. 14**, is **DENIED**.
3. Plaintiff's First Amended Complaint, ECF No. 4, is **DISMISSED without prejudice**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide copies to counsel, and **CLOSE THE FILE**.

DATED November 12, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE